THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

Case No. 3:24-cv-04743

CHRISTOPHER SADOWSKI,

    Plaintiff,

v.

ALBORAQ LMD, LLC,

    Defendant.

## COMPLAINT

Plaintiff Christopher Sadowski ("Plaintiff") sues defendant Alboraq LMD, LLC ("Defendant"), and alleges as follows:

## THE PARTIES

1. Plaintiff is an individual who is a citizen of the State of New Jersey residing in the State of New Jersey.

2. Defendant is a limited liability company organized and existing under the laws of the State of New Jersey with its principal place of business located at 20 Graversham Drive, Marlboro, NJ 07746.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant because it has maintained sufficient minimum contacts with this State such that the exercise of personal jurisdiction over it would not offend traditional notions of fair play and substantial justice.

5. Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agents reside or may be found in this district. "A defendant in a copyright action 'may be found' wherever the defendant is subject to personal jurisdiction." Skidmore v. Led Zeppelin, 106 F.Supp.3d 581, 584 (E.D. Pa 2015). In other words, "[b]ecause Defendant is subject to personal jurisdiction in Delaware… venue is also proper for Defendant in this Court." RMG Media, LLC v. iBoats, Inc., Civil Action No. 20-cv-290-RGA, 2021 U.S. Dist. LEXIS 62224, at *10 (D. Del. Mar. 31, 2021).

## FACTS

### I. Plaintiff's Business and History

6. Plaintiff is an award-winning photojournalist and is widely published in some of the world's most important newspapers and magazines, including but not limited to, the *New York Post*, Daily Mail Online, *Reader's Digest, USA Today, New York Times*, Fox News, CBS News, NBC News, *Boston Globe, Boston Herald, Los Angeles Times, Newsweek Magazine*, and *People Magazine*.

7. Throughout his career, Plaintiff has been self-employed as a professional photographer who specializes in photo-documenting ordinary life and the human condition.

8. Plaintiff travels throughout the New York, New Jersey and Connecticut tri-state area taking photographs that tell a story about tragedy, hope, calamity, joy, discord and renewal.

9. Using state-of-the-art equipment, Plaintiff creates high-end photography licensed by some of the top publishers in this country. When commissioned for a job, Plaintiff spends countless hours capturing hundreds of photographs and then processing those photographs to ensure they meet customers' requirements.

10. Plaintiff maintains a commercial website (http://www.csnyphoto.com) which

describes the photography services offered by Plaintiff, hosts a sample portfolio of photographs taken by Plaintiff, and invites prospective customers to contact Plaintiff to arrange for a professional photo shoot.

11. Plaintiff owns the photographs and serves as the licensing agent with respect to licensing such photographs for limited use by Plaintiff's customers. To that end, Plaintiff's standard terms include a limited, one-time license for use of any particular photograph by the customer only. Plaintiff's license terms make clear that all copyright ownership remains with Plaintiff and that its customers are not permitted to transfer, assign, or sub-license any of Plaintiff's photographs to another person/entity.

**II.  The Work at Issue in this Lawsuit**

12. In 2019, Plaintiff created a professional photograph of an Amazon delivery van titled "052619amazon4CS" (the "Work"). A copy of the Work is displayed below:



13. The Work was registered by Plaintiff with the Register of Copyrights on October 01, 2020, and was assigned Registration No. VA 2-222-109. A true and correct copy of the

Certificate of Registration pertaining to the Work is attached hereto as **Exhibit "A."**

14. Plaintiff is the owner of the Work and has remained the owner at all times material hereto.

15. The Work was licensed to the *New York Post* and published alongside an article titled "Amazon delivery driver quits mid-shift, abandons truck and packages." The foregoing New York Post article (immediately below the Work appearing in the article) credits Plaintiff as the author/creator of the Work – an attribution known in the industry as a "gutter credit":



### III. Defendant's Unlawful Activities

16. Defendant is a cargo and freight company with a fleet of around 20 vans and 40 drivers.

17. Defendant advertises and markets its business through its social media (e.g., https://www.facebook.com/profile.php?id=100066466412810&sk=about).

18. On September 11, 2020 and again on October 20, 2022 (both after Plaintiff's above-referenced copyright registration of the Work), Defendant displayed and/or published the Work

on its Facebook page as its header on the main page and for its posts

(at https://www.facebook.com/profile.php?id=100066466412810&sk=about):



(at https://www.facebook.com/113016083873439/photos/pb.100066466412810.-2207520000./113017540539960/?type=3):



(at https://www.facebook.com/photo.php?fbid=435917155300495&set=pb.100066466412810.-2207520000.&type=3):



19.  A true and correct copy of the screenshot of Defendant's website, webpage, and/or social media, displaying the copyrighted Work, is attached hereto as **Exhibit "B."**

20.  Defendant is not and has never been licensed to use or display the Work. Defendant never contacted Plaintiff to seek permission to use the Work in connection with its website, webpage, and/or social media – even though the Work that was copied is clearly professional stock photography that would put Defendant on notice that the Work was not intended for public use.

21.  Defendant utilized the Work for commercial use.

22.  Upon information and belief, Defendant located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for its own commercial use.

23.  Through his ongoing diligent efforts to identify unauthorized use of his photograph, Plaintiff discovered Defendant's unauthorized use/display of the Work on October 27, 2022. Following Plaintiff's discovery, Plaintiff notified Defendant in writing of such unauthorized use.

24. All conditions precedent to this action have been performed or have been waived.

## COUNT I – COPYRIGHT INFRINGEMENT

25. Plaintiff re-alleges and incorporates paragraphs 1 through 24 as set forth above.

26. Each photograph comprising the Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

27. Plaintiff owns a valid copyright in each photograph comprising the Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

28. As a result of Plaintiff's reproduction, distribution, and public display of the Work, Defendant had access to the Work prior to its own reproduction, distribution, and public display of the Work on its website, webpage, and/or social media.

29. Defendant reproduced, distributed, and publicly displayed the Work without authorization from Plaintiff.

30. By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501. Defendant's infringement was either direct, vicarious, and/or contributory.

31. Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright. Defendant clearly understands that professional photography such as the Work is generally paid for and cannot simply be copied from the internet.

32. Plaintiff has been damaged as a direct and proximate result of Defendant's

infringement.

33. Plaintiff is entitled to recover his actual damages resulting from Defendant's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Work, which amounts shall be proven at trial.

34. Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

35. Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover his costs and attorneys' fees as a result of Defendant's conduct.

36. Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. A declaration that Defendant has infringed Plaintiff's copyrights in the Work;

b. A declaration that such infringement is willful;

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for willful infringement up to $150,000.00 for each infringement of the Work;

d. Awarding Plaintiff his costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and

participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g. For such other relief as the Court deems just and proper.

## Demand For Jury Trial

Plaintiff demands a trial by jury on all issued so triable.

Dated: April 10, 2024.


COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
dan@copycatlegal.com
pleadings@copycatlegal.com


By: /s/ Daniel DeSouza\_\_\_
    Daniel DeSouza, Esq.
    NJ Bar No.: 431532024